02-10-200-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00200-CV

 

 


 
 
 Danny Sprabary,
 Individually, and on Behalf of the Estate of Danny Sprabary,
 Jr., Deceased, and as Next Friend of Tierney Faith Rodgers, a Minor Child
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Goodman Networks, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 153rd District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

In two
issues, Appellant Danny Sprabary, individually and on
behalf of the Estate of Danny Sprabary, Jr. and
Tierney Faith Rogers, a minor child, appeals the trial court’s summary judgment
for Appellee Goodman Networks, Inc.  We affirm.

II.  Factual and Procedural Background

Sprabary
sued Goodman for the wrongful death of his son Danny, alleging that Danny
worked for Goodman, that Goodman knew Danny was diabetic, and that Goodman had
a plan in place to contact Danny’s girlfriend or brother if Danny began to suffer
from hypoglycemia or other health-related issues while working.  He
further alleged that on the day Danny died, Goodman had scheduled Danny to meet
with a trainee at a Wal-Mart before they went on a service call together, that
Danny subsequently experienced some distress, and that the trainee notified
Danny’s supervisor about the situation but the supervisor, instead of
contacting Danny’s girlfriend or brother, ordered the trainee to return Danny
to the Wal-Mart parking lot where he later died.

Goodman
filed a traditional and no-evidence motion for summary judgment and argued in
the no-evidence portion that Sprabary had no evidence
to show that Goodman owed a legal duty to Danny, that it breached this duty on
the occasion in question, or that the breach actually or proximately caused
Danny’s death.  Goodman also argued that Sprabary
could not offer more than a scintilla of evidence that Danny’s death was
related to his diabetes.  In the traditional portion of its motion,
Goodman argued, among other things, that heart disease, rather than any act or
omission by Goodman, was the proximate cause of
Danny’s death, and it attached a portion of Tarrant County Deputy Medical
Examiner Marc A. Krouse, M.D.’s
deposition to support this ground.[2]

To
Goodman’s no-evidence and traditional causation grounds, Sprabary
responded,

Movant also claims that
there is no evidence that Danny Sprabary, Jr. died as
a result of issues related to his diabetes and that Dr. Marc Krouse, the medical examiner who performed the autopsy on
Danny Sprabary, Jr. found that issues related to
Danny Sprabary, Jr.[’s]
diabetes were not a proximate cause of Danny Sprabary
Jr.’s death.  This claim has been controverted by the Affidavit of Marvin Pietruszka,
M.D.[,] which is attached as Exhibit “A[.]”  In
his affidavit, Dr. Pietruszka states that the
finding[s] of the autopsy support a finding that Danny Sprabary’s
death was the result of issues related to diabetes mellitus.

 

Goodman
objected to Dr. Pietruszka’s affidavit and moved to
strike it, complaining that the affidavit contained conclusory
opinions, failed to provide any factual foundation, and was speculative.
 The trial court sustained Goodman’s objections to Dr. Pietruszka’s
affidavit, struck the affidavit, and granted summary judgment for
Goodman.  This appeal followed.

III.  Summary Judgment

In
his first issue, Sprabary argues that the trial court
erred by striking Dr. Pietruszka’s affidavit because
it “was based upon and included factual bases and was not ‘merely conclusory,’” and in his second issue, Sprabary
asserts that the trial court erred by granting summary judgment for Goodman
“because fact issues existed as to whether [Goodman’s] negligence resulted” in
Danny’s death.

We
review a trial court’s exclusion of evidence for an abuse of discretion.  In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  A trial court
abuses its discretion by excluding expert testimony if the testimony is
relevant to the issues in the case and is based on a reliable foundation. 
State v. Cent. Expressway Sign Assocs., 302 S.W.3d 866, 870 (Tex. 2009).  However, “[b]are,
baseless opinions will not support a judgment.”  City of San Antonio v.
Pollock, 284 S.W.3d 809, 816 (Tex. 2009) (quoting
Coastal Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232
(Tex. 2004), for the proposition that opinion testimony that is conclusory or speculative is not relevant evidence). 
“An expert’s failure to explain or adequately disprove alternative theories of
causation makes his or her own theory speculative and conclusory.” 
Wal-Mart Stores, Inc. v. Merrell, 313 S.W.3d
837, 840 (Tex. 2010); see also Gen. Motors Corp. v. Iracheta,
161 S.W.3d 462, 470 (Tex. 2005) (“[The expert]
eliminated the obvious possibility that fuel or vapors from the tank filler
neck ignited only by saying so, offering no other basis for his opinion. 
Such a bare opinion was not enough.”).

In
his affidavit, Dr. Pietruszka set out his
qualifications before stating:

In connection with the
above-captioned lawsuit I have reviewed the autopsy report completed by Dr.
Marc Krouse and a transcript of his deposition
testimony . . . .  Based upon my review of those documents, it is my
opinion, based upon reasonable medical probability, that Danny Sprabary, Jr.[’]s death on May 3,
2007, was proximately caused by complications related to diabetes mellitus.

 

The findings
disclosed in the autopsy report of pulmonary edema and in the deposition testimony
of cerebral edema are findings that would be expected in a patient that died as
a result of hypoglycemia.

 

Additionally, in my
opinion, it is unlikely that an individual of Danny Sprabary’s
age with evidence of only moderate coronary arterial disease would suffer
sudden adult death in the absence of some other factor such as hypoglycemia.

 

In conclusion, it is
my opinion based upon reasonable medical probability that complications related
to his diabetes mellitus were a proximate cause of the death of Danny Sprabary, Jr.

 

Dr. Pietruszka attached a copy of his curriculum vitae to his
affidavit, but he did not attach a copy of the documents upon which he based
his opinion, and, other than the excerpt of Dr. Krouse’s
deposition attached by Goodman to support the traditional portion of its
motion, there is no other evidence in the record pertaining to Danny’s cause of
death.

Sprabary
argues that Dr. Pietruszka’s statements set out in
the second and third paragraphs above are not wholly conclusory
and that “on the contrary they are statements of medical facts interpreting the
autopsy report.”  However, Dr. Pietruszka’s
theory that Danny’s death was proximately caused by complications related to
diabetes mellitus is conclusory and speculative
because he fails to provide any factual discussion or explanation of how the
autopsy report findings of pulmonary and cerebral edema were caused by
diabetes-related hypoglycemia and not sudden adult death caused by heart
disease.  Nor does he explain why such findings could not be conclusive to
declare heart disease as the cause of death.  See Pollock, 284 S.W.3d at 816.

Additionally,
Dr. Pietruszka’s statement that the findings of
pulmonary and cerebral edema “would be expected in a patient that died as a
result of hypoglycemia” is conclusory and
insufficient to prove that hypoglycemia or other diabetes-related complications
were the cause of Danny’s death.  See Merrell, 313 S.W.3d at 840 (stating that expert’s statement that halogen
lamps in general can cause fires was speculative and insufficient to establish
that the particular lamp in question caused the fire); see also Pollock,
284 S.W.3d at 819–20 (holding that expert’s testimony
about exposure to benzene in high amounts causing chromosomal anomalies was conclusory and provided no evidence that the chromosomal
anomalies at issue were caused by exposure to significantly lesser amounts of
benzene).  And Dr. Pietruszka’s opinion that
someone Danny’s age with evidence of only moderate coronary arterial disease
would be unlikely to suffer sudden adult death “in the absence of some other
factor such as hypoglycemia” neither offers evidence to eliminate other
conditions, such as heart disease, that could have contributed to Danny’s death
nor explains how hypoglycemia or “some other factor” caused Danny’s death.
 Rather, Dr. Pietruszka merely speculates as to
a possible cause of death of someone Danny’s age.  See Coastal Transp.,
136 S.W.3d at 232. The trial
court did not abuse its discretion by sustaining Goodman’s objections and
striking Dr. Pietruszka’s affidavit.  Therefore,
we overrule Sprabary’s first issue.

As
to Sprabary’s second issue, when a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under
the standards of rule 166a(i). 
Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  If the appellant failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether the appellee’s summary judgment proof
satisfied the less stringent rule 166a(c)
burden.  Id.  If the nonmovant
brings forward more than a scintilla of probative evidence that raises a
genuine issue of material fact, then a no-evidence summary judgment is not
proper.  Smith v. O’Donnell, 288 S.W.3d
417, 424 (Tex. 2009); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S.
1030 (2004).  Less than a scintilla of evidence exists when the evidence
is so weak that it does nothing more than create a mere surmise or suspicion of
a fact.  Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983).

Here,
the trial court did not specify the grounds for granting the summary judgment
motion.  When a trial court’s order granting summary judgment does not
specify the ground or grounds relied on for its ruling, summary judgment will
be affirmed on appeal if any of the theories presented to the trial court and
preserved for appellate review are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d
211, 216 (Tex. 2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

In
the no-evidence portion of its summary judgment motion, Goodman asserted that Sprabary could not offer more than a scintilla of evidence
that Danny’s death was related to his diabetes and that Sprabary
had no evidence that Goodman’s alleged breach caused Danny’s death.  See,
e.g., D. Houston, Inc. v. Love, 92 S.W.3d 450,
454 (Tex. 2002) (stating that a negligence action requires showing damages
proximately caused by the breach of a legal duty).  Sprabary
responded by offering Dr. Pietruszka’s affidavit to
support his theory that Danny’s death was related to his diabetes.  Having
held that the trial court did not abuse its discretion by excluding Dr. Pietruszka’s affidavit—the only evidence supporting the
causal connection between Goodman’s alleged duty and breach and the theory that
Danny’s death was related to his diabetes rather than heart disease—we conclude
that Sprabary failed to provide more than a scintilla
of evidence that Danny died as a result of his diabetic condition. 
Accordingly, we overrule Sprabary’s second
issue.  See Knott, 128 S.W.3d
at 216.

IV.  Conclusion

Having
overruled both of Sprabary’s issues, we affirm the
trial court’s judgment.

 

PER CURIAM

 

PANEL: 
MCCOY, DAUPHINOT, and GARDNER, JJ.

 

DELIVERED:  March 10,
2011

 

 














[1]See
Tex. R. App. P. 47.4.





[2]Dr.
Krouse testified that based on his autopsy and the
toxicology report, Danny’s death was not proximately caused by a diabetic
complication and that the most likely proximate cause of Danny’s death was
heart disease, and he provided factual bases for these conclusions in his
testimony.  He stated that Danny suffered sudden cardiac death and that
his death would have been “minutes to seconds.”